RUFUS CLEMENT & *al. versus* ABIJAH GARLAND.

A judgment creditor cannot commence the levy of an execution while the debtor is under arrest or imprisoned by virtue of the same or a subsequent execution upon the same judgment.

All subsequent proceedings of a levy relate back to the time of its commencement, which is the time of seizure.

Specifications of defence need not contain the technical accuracy of a special plea.

They need only intelligibly disclose the ground of defence relied upon.

APPLETON, C. J. — The plaintiffs having obtained judgment against the defendant, caused him to be arrested on the sixth execution issued thereon.   The defendant, on April 11, 1862, upon giving the bond required by statute, was released from arrest.   Before the expiration of the time limited in the bond, the defendant " delivered himself into the custody of the keeper of the jail in Ellsworth," by whom he was committed.   After such commitment and while in custody, the seventh execution on the plaintiffs' judgment was issued on Oct. 25, 1862, and on the 28th of the same month at half past six o'clock in the morning, the officer to whom the execution had been delivered, seized and took on execution the real estate, upon which the levy, the validity of

which is controverted, was made, and at the same time administered the oath prescribed by statute to the appraisers. On the afternoon of the day of the levy, the debtor was discharged from the custody of the jailer by the verbal directions of the plaintiffs. The sheriff of the county was the keeper of the jail and the officer by whom the levy was made.

The time, when the officer seizes and takes in execution the lands upon which a levy is made, is the commencement of the service of the execution. *French* v. *Allen*, 50 Maine, 437. The oath to the appraisers was administered at the same time the estate of the defendant was seized on execution. The proceedings are to be considered as then commenced, and the debtor's right to redeem begins to run from that date. R. S., 1857, c. 76, § 19.

By R. S., 1857, c. 113, § 33, "a creditor may discharge his debtor from arrest or imprisonment on execution, by giving to the officer or jailer having him in custody a *written* permission to go at large; and it shall have the same effect as a discharge or disclosure." No such written permission was given in the case at bar.

By § 34, "a certificate of discharge on execution in any of the modes hereby authorized, and of the cause of it, shall, at any time, at the creditor's request, be indorsed on the execution by the officer, who had such debtor in custody; and, if it is before the return day of the execution, it may still be levied upon his property; *if after*, it may be renewed like other executions, against his property only; the judgment may be revived or kept in force, with said execution, as judgments in other cases." No certificate is indorsed on the execution upon which the arrest was made. The execution subsequent to such arrest would seem to have been improvidently issued without such certificate. *Miller* v. *Miller*, 25 Maine, 110.

The debtor was in custody when the seizure was made and the appraisers were sworn. The levy relates back to that date. The judgment creditor could not legally pursue

Clement *v.* Garland.

both remedies at the same time; that by arrest or imprisonment and by levy on real estate. Having the debtor imprisoned, the creditor could not levy on his real estate without discharging him from such imprisonment. It would seem from the levy that the debtor was not discharged till after the completion of the levy. It is admitted he was not until after the commencement of the levy, and all subsequent proceedings relate back to that time. The levy is therefore void. *Miller* v. *Miller*, 25 Maine, 110. Imprisonment, while it continues, is a satisfaction of the debt, unless there be some statutory provision to the contrary. An execution, issued while the judgment debtor is imprisoned under a commitment under a prior execution upon the same judgment, is void; and a sale of property under it, though made after the debtor's discharge from imprisonment, and to a purchaser without notice, passes no title. *Kennedy* v. *Duncklee*, 1 Gray, 65.

The specifications of defence negative the title of the demandants in the premises demanded, and allege that their levy of execution upon the same was invalid and passed no title. It is not required that specifications should have the technical accuracy of a special plea. It is sufficient that they should intelligibly disclose the grounds of defence relied upon, and we think that is done in the present case.

*Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.

*E. & F. Hale*, for the plaintiffs.

*Waterhouse & Emery*, for the defendant.